IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HORACE HARRIOTT, JR., :
:
    Petitioner :
:
    v. : CIVIL NO. 3:CV-12-2534
:
PENNSYLVANIA DEPARTMENT OF, : (Judge Conaboy)
CORRECTIONS, ET AL., :
:
    Respondents :
_____

**MEMORANDUM**
**Background**

    Horace Harriott, Jr., an inmate presently confined at the Lackawanna County Prison, Scranton, Pennsylvania, filed this pro se petition pursuant to 28 U.S.C. § 2254. Petitioner has also submitted an in forma pauperis application which will be granted for the sole purpose of the filing of this matter with this Court. Named as Respondents are the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole (Parole Board).[1] Service of the Petition has not yet been ordered.

    Harriott states that he arrested in Lackawanna County on December 6, 1996 on drug related charges, Docket Number CP-35-CR-0002187-1996. Following a jury trial in the Lackawanna County

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Therefore, the Warden of the Lackawanna County Prison will be substituted as sole Respondent.

1

Court of Common Pleas, Petitioner was convicted of those charges. On July 18, 1997, Petitioner states that he was sentenced to a five (5) to ten (10) year term of imprisonment. Petitioner indicates that he did not pursue a direct appeal or seek collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] See doc. 1, ¶ 6.

Harriott's pending petition seeks habeas corpus relief asserting that the above sentence was excessive in that his conviction was "improperly regarded as a subsequent offense/conviction" to another criminal matter, Docket Number CP-35-CR-002184-1996. Specifically, Petitioner argues that said the subsequent offense determination was improper because he was not convicted of Docket Number CP-35-CR-002184-1996 prior to committing Docket Number CP-35-CR-0002187-1996. See id. at ¶ 9. As relief, Petitioner request that the challenged sentence be reduced to a three (3) to six (6) year term of imprisonment.

## Discussion

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison. See Preiser v. Rodriguez, 411 U.S.

---

[2] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

475, 486-87 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). More recently, in Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

**Timeliness**

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; ...
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are

3

pending in any state court. However, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007). It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Pursuant to the United States Supreme Court's decision in Day v. McDonough, 547 U.S. 198, 209-11 (2006), a district court has the authority to raise the timeliness issue sua sponte even where the matter has not been asserted by the respondent. In doing so, the parties must be afforded "fair notice and an opportunity to present their positions." Id. at 210. Similarly, in United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), our Court of Appeals held that a district court may raise the 1-year statute of limitations on its own motion, provided that the petitioner is furnished notice and an opportunity to respond. See also, Bloss v. Rozum, Civil Action No. 08-2214, 2009 WL 124505 *4 (E.D. Pa. Jan. 14, 2009); Hammond

4

v. Brooks, 2009 WL 1507564(E.D. Pa. May 29, 2009); and Phillips v. Folino, 2008 WL 339817 (E.D. Pa. 2008).

It appears from the face of Harriott's petition that it may be barred by the one-year statute of limitations set forth in § 2244(d)(1). In accordance with Day and Bendolph, this Court will direct Petitioner to file a response addressing the question of whether his action is timely filed. Further action will not be taken by this Court until the limitations issue is initially addressed by Petitioner.

**In Custody**

Pursuant to 28 U.S.C. § 2254(a), a habeas petitioner must make a showing that he is "in custody pursuant to the judgment of a State Court." See also Carfas v. LaVallee, 391 U.S. 234, 238 (1968)(a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted). In Maleng v. Cook, 490 U.S. 488 (1989)(per curiam), the United States Supreme Court addressed a challenge to a state conviction by an applicant who had already completed service of his entire sentence. The Court held that § 2254(a)'s in custody requirement was satisfied because the challenged conviction was used to enhance a subsequently imposed sentence which the applicant had not yet begun to serve. See id. at 493. Consequently, the Court concluded that the habeas petition could be properly construed as a challenge to the subsequent sentence.

In Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court established that a prior sentence used to enhance a

5

federal sentence is no longer open to collateral attack via a motion under 28 U.S.C. § 2255. In reaching that determination, the Court stressed the need for finality of convictions and ease of administration.

A subsequent Supreme Court ruling, Lackawanna County v. Coss, 532 U.S. 394 (2001), addressed Coss' challenge to his 1986 state conviction which he was no longer serving. Specifically, Coss claimed that his 1986 conviction resulted from ineffective assistance of counsel. Coss was serving a 1990 sentence and he contended that he could still challenge the 1986 sentence because it had negatively impacted his 1990 sentence. The Supreme Court, again noting the need for finality of convictions and ease of administration, held that Coss did not qualify to have his § 2254 petition reviewed because the expired prior conviction did not actually increase the length of his current sentence.

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. As noted by the Supreme Court in Daniels, habeas corpus and similar collateral remedies "are not available indefinitely and without limitation." Daniels, 532 U.S at 375. The Court in Coss noted that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies (or because the defendant did so unsuccessfully) the conviction may be regarded

as conclusively valid." Coss, 532 U.S. at 403. See also Maleng, 490 U.S. at 492 (federal habeas corpus relief should not be extended "where a habeas petitioner suffers no present restraint from a conviction.").

Petitioner's pending action is set forth in ten (10) sparsely worded paragraphs. Based upon a careful review of Harriott's filing, it is unclear as to whether he is presently serving the sentence imposed at Docket Number CP-35-CR-0002187-1996. Clearly there is a potential that the ten (10) year maximum sentence imposed in 1997 has now expired. Accordingly, this Court is unable to undertake an informed determination as to whether this is a situation where a habeas petitioner is seeking to challenge a current sentence on the grounds that it was increased/enhanced by an expired conviction and sentence. Accordingly, Harriott's response should also address the in custody/collateral consequence issue.[3] Failure of Petitioner to file a response to this Order may result in dismissal of his action. An appropriate Order will enter.

                                 S/Richard P. Conaboy
                                 RICHARD P. CONABOY
                                 United States District Judge

DATED: FEBRUARY 5, 2013

---

[3] Alternatively, if Petitioner does not wish to proceed with this matter, he may simply file a request to withdraw his action.

```
              IN THE UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA

HORACE HARRIOTT, JR.,            :
                                 :
          Petitioner             :
                                 :
     v.                          :    CIVIL NO. 3:CV-12-2534
                                 :
PENNSYLVANIA DEPARTMENT OF,      :    (Judge Conaboy)
CORRECTIONS, ET AL.,             :
                                 :
          Respondents            :
```
___

**ORDER**

AND NOW THIS 5th DAY OF FEBRUARY, 2013, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of the filing of this action.
2. Within twenty (20) days of the date of this Order, Petitioner shall file a response addressing the issues of whether his pending habeas corpus action is untimely and/or subject to dismissal on the basis of mootness as outlined herein.
3. No further action shall be taken by this Court with respect to this matter pending resolution of the timeliness and mootness issues.

4. Failure of Petitioner to respond to this Order may result in dismissal of his action.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge