IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HORACE HARRIOTT, JR., :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-12-2534
:
PENNSYLVANIA DEPARTMENT OF, : (Judge Conaboy)
CORRECTIONS, ET AL., :
:
    Respondents :

FILED
SCRANTON

MAY 22 2013

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

    This pro se habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Horace Harriott, Jr., an inmate presently confined at the Lackawanna County Prison, Scranton, Pennsylvania.

    According to the Petitioner, he was arrested in Lackawanna County on drug related charges, Docket Number CP-35-CR-0002187-1996. He was convicted of those charges following a jury trial in the Lackawanna County Court of Common Pleas. Thereafter, Petitioner was sentenced to a five to ten year term of imprisonment on July 18, 1997.

    Petitioner claims entitlement to federal habeas corpus relief on the grounds that an excessive sentence was imposed. Harriott states that his sentence was improperly enhanced because his conviction was improperly classified as being a subsequent conviction to another Lackawanna County Court of Common Pleas criminal conviction he incurred, Docket Number CP-35-CR-002184-

1

1996. The Petition claims that this subsequent conviction designation/enhancement was improper because Harriott was not convicted of the offense underlying Docket Number CP-35-CR-002184-1996 prior to committing Docket Number CP-35-CR-0002187-1996. See id. at ¶ 9. Petitioner requests that the challenged sentence be reduced to a three (3) to six year (6) term of imprisonment.

By Memorandum and Order dated February 5, 2013, Petitioner's in forma pauperis request was granted for the sole purpose of the filing of this matter with this Court and the Warden of the Lackawanna County Prison was substituted as sole Respondent in this matter. See Doc. 8. In addition, the Memorandum and Order directed Petitioner to file a response addressing the issues of whether his pending habeas corpus action is untimely and/or subject to dismissal on the basis of mootness.[1] See id. Petitioner has filed two (Docs. 9 & 10) similar, timely responses.

## Discussion

### Timeliness

Harriott's pending § 2254 petition is dated December 17, 2012, and will be deemed filed as of that date. See Houston v.

---

[1] Day v. McDonough, 547 U.S. 198, 209-11 (2006) recognized that a district court has the authority to raise the timeliness issue sua sponte even if the matter has not been asserted by the respondent. However, the parties must be afforded "fair notice and an opportunity to present their positions." Id. at 210.

2

Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court. As previously discussed by this Court, 28 U.S.C. § 2244(d) provides in relevant part that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Court's February 5, 2013 Memorandum and Order noted that based upon the contents of Harriott's petition it appeared that his pending action may be barred by the one-year statute of limitations set forth in § 2244(d)(1). The Memorandum and Order also recognize that the running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007). Furthermore, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an

3

equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d. 153, 159 (3d Cir. 1999), citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

**Statutory Tolling**

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original).

However, the running of limitations period is only suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. In addition, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

Harriott's Petition states that he did not pursue a direct appeal or seek collateral relief pursuant to Pennsylvania's Post

4

Conviction Relief Act (PCRA).² See Doc. 1, ¶ 6. Petitioner's similar if not identical responses likewise offer no indication that he either pursued a direct appeal or sought PCRA relief.

Under Pennsylvania state law, Harriott had thirty (30) days after imposition of the sentence in which to file a direct appeal. Pa. R. Crim. P. 720(A)(3). Petitioner's sentence was imposed on July 18, 1997. He did not take a direct appeal to the Pennsylvania Superior Court. Hence, Petitioner's conviction became final for purposes of § 2244(d) and the one (1) year limitations period began to run on August 18, 1997, when Harriott failed to initiate a direct appeal. Petitioner also indicates that he did not initiate any post-conviction proceedings. Since this action was not initiated until December 17, 2012, more than fourteen (14) years after the expiration of the direct appeal period, it is clearly untimely.

The responses filed by Petitioner assert that this matter is timely because the Pennsylvania Board of Probation and Parole (Parole Board) resentenced Harriott in Docket Number CP-35-CR-0002187-1996 on October 19, 2012 (extending his maximum release date from December 20, 2013 to August 8, 2014) and said "resentencing" either establishes that his action is timely filed or that he is entitled to equitable tolling. Doc. 9, p. 3.

---

² The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Based upon review of an accompanying Parole Board decision submitted by Petitioner it appears that he was paroled from both of his above referenced Lackawanna County convictions on February 28, 2011. See Doc. 9, p. 6. However, on August 29, 2012 Harriott was arrested on new criminal charges which resulted in an October 19, 2012 Parole Board decision finding that Petitioner had violated the terms of his parole.

Petitioner's characterization of the Parole Board's action as being a "resentencing" lacks persuasion. Harriott's pending action is challenging the legality of a criminal sentence imposed by the Lackawanna County Court of Common Pleas in 1997 not an October 22, 2012 parole violation determination by the Parole Board. There is no indication whatsoever that Petitioner was ever resentenced by the Court of Common Pleas with respect to the matter pending before this court, the criminal sentence imposed in Docket Number CP-35-CR-0002187-1996.

Accordingly, since Harriott's pending federal habeas petition is untimely, his pending claims may only be entertained if Petitioner is entitled to equitable tolling. See Merritt, 326 F.3d at 161.

**Equitable Tolling**

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that same extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). In Jones, the court held that a finding of equitable

6

tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the Third Circuit Court of Appeals reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990). Hence, any argument by Petitioner that he is entitled to equitable tolling because his PCRA counsel was deficient does not establish an entitlement to equitable tolling.

Based upon an application of the standards announced in Pace, Jones, and Fahy, there are no facts presented or apparent from the record which could establish that Harriott's failure to timely pursue his pending federal claims was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. It is noted that this is not a case where the Commonwealth failed to produce favorable evidence to a criminal defendant. Pursuant to

the above discussion, a viable basis for a finding of equitable tolling has not been established.

**Conclusion**

Since Petitioner has not established entitlement to either statutory or equitable tolling and his § 2254 petition was filed after the expiration of the § 2244(d) limitations period, this matter is clearly time barred and is precluded from consideration. An appropriate Order will enter.

/s/ Richard P. Conaboy<br>
RICHARD P. CONABOY<br>
United States District Judge

DATED: MAY 22nd, 2013